THE WATERTOWN FIRE INSURANCE COMPANY v. THE GROVER AND BAKER SEWING MACHINE COMPANY.

*Insurance—Notice of loss—Who are parties "assured"—Assignee of policy may sue on it in his own name—Mortgage on homestead is not an incumbrance if not signed by the wife.*

The requirement in an insurance policy that the assured shall give immediate notice in case of loss, is satisfied if notice is given by the person to whom the policy was made payable, and by the assignee of all the interest held by the assured, to the local agent, and if knowledge of it comes to the general agent of the company.

An assignment of an insurance policy made before loss but not delivered until afterwards, does not take effect until delivery, and then as an assignment of a money demand against the insurers.

A mortgagee of insured property is one of the parties assured within the meaning of the policy, and notice of loss given by him will enure to the benefit of all other interested parties and need not be in writing.

Notice of the loss of insured property is distinct from proof of loss, and its sole purpose is to enable the company to take proper action to protect its interests.

A Michigan statute (Comp. L., § 5775) permits the assignee of a *chose in action* to sue on it in his own name. *Held* that a corporation to which all individual interests under an insurance policy had been assigned, could sue on it in its corporate name.

A mortgage on a homestead being void if not signed by the wife, constitutes no incumbrance, whatever the parties may have intended; and does not therefore avoid the condition in an insurance policy against subsequent incumbrances.

Error to Calhoun.    Submitted April 25.    Decided June 10.

Assumpsit by the Grover & Baker Sewing Machine Company on a policy issued by the Watertown Fire Insurance Company to A. P. Colby upon a dwelling house and its contents, and immediately after the loss of the property assigned by Colby to James L. Dobbins. The insurance was made payable to Charles Jagger, a mortgagee of the realty, as his interest might appear. The policy was dated Aug. 20, 1873, and was to run three years; the property was destroyed by fire, Dec. 14, 1873; Jagger assigned his interest to Dobbins Oct. 5, 1874, and Nov. 18, 1874, Dobbins assigned all his interest to the sewing machine company.    Plaintiff below recovered, and defendant brings error.

*John D. Conely* for plaintiff in error.    An appointee of part of the money under an insurance policy is not a proper person to give notice of loss, *Van Buren v. St. Joseph County Ins. Co.*, 28 Mich., 398; notice should be written, *Cornell v. Milwaukee Ins. Co.*, 18 Wis., 387; the

assured, and not an appointee of the money, is the proper party to sue on a policy, *Clay Ins. Co. v. Huron S. & L. Co.*, 31 Mich., 346; *Hartford Ins. Co. v. Davenport*, 37 Mich., 609; the doctrine that where two persons contract that one shall pay money to a third, the third can sue on the contract in his own name, is not sound, *Pipp v. Reynolds*, 29 Mich., 89; *Turner v. McCarty*, 22 Mich., 265; *Halsted v. Francis*, 31 Mich., 113; *Hicks v. Mc-Garry*, 38 Mich., ; the appointee under a policy of insurance cannot sue on it in his own name, *Martin v. Franklin Co.*, 15 Amer. L. Reg., 229; *Bates v. Equitable Co.*, 10 Wall., 33; an assignment of an insurance policy after a fire is an assignment of a claim for damages, *Carroll v. Charter Oak Co.*, 38 Barb., 408; *Mellen v. Hamilton Ins. Co.*, 17 N. Y., 615; *Carter v. Humboldt Co.*, 12 Ia., 293; *Walters v. Wash. Ins. Co.*, 1 Ia., 404; where the assured has never assigned his claim for damages as an entirety, he retains the right to sue on the policy, *Palmer v. Merrill*, 6 Cush., 287; *Mandeville v. Welch*, 5 Wheat., 277. A deed of a homestead is void if not signed by the wife, and the grantee obtains no fee by the expiration or abandonment of the homestead, *Beecher v. Baldy*, 7 Mich., 488; *Dye v. Mann*, 10 Mich., 291; *Phillips v. Stauch*, 20 Mich., 369; *Fisher v. Meister*, 24 Mich., 447; *Comstock v. Comstock*, 27 Mich., 97; *Wallace v. Harris*, 32 Mich., 380.

*John C. Patterson* and *William H. Brown* for defendant in error. After a loss a policy of insurance becomes a *chose in action* and is assignable, and the assignee can sue on it in his own name, *Brichta v. Lafayette Ins. Co.*, 2 Hall, 372; *Spratley v. Hartford Ins. Co.*, 1 Dill., 392; *Perry v. Merchants' Ins. Co.*, 25 Ala., 355; Comp. L., § 5775; 1 Phillips Ins., 69, § 108, n. 1; 1 Angell on Insurance, § 222; Wood on Insurance, 575, § 337; May on Insurance, 468; it can be assigned without the company's consent, and a clause in the policy restricting an assignment after loss is void, *Goit v. Nat. P. Ins. Co.*, 25 Barb.,

189; *Courtney v. N. Y. Ins. Co.*, 28 Barb., 116: 40 Barb., 292; *Mellen v. Ins. Co.*, 5 Duer, 101; *West Branch Ins. Co. v. Helfenstein*, 40 Penn. St., 289; clauses of forfeiture in a policy of insurance must be liberally construed in favor of the insured, *Westchester Ins. Co. v. Earle*, 33 Mich., 151; *M. Fire Ins. Co. v. Jenks*, 5 Ind., 96; *Ætna Ins. Co. v. Olmstead*, 21 Mich., 252; where an insurance company receives notice of loss and acts on it without objection, it cannot object to the form and mode of notice, *Ins. Co. of N. A. v. McDowell*, 50 Ill., 129; *Roumage v. Ins. Co.*, 1 Green (N. J.), 111; *Underhill v. Agawam Ins. Co.*, 6 Cush., 445; *Vos v. Robinson*, 9 Johns., 195; *Ætna Ins. Co. v. Tyler*, 16 Wend, 401; *Heath v. Franklin Ins. Co.*, 1 Cush., 265; *Bumstead v. Dividend Ins. Co.*, 2 Kern., 99; *Killips v. Putnam Ins. Co.*, 28 Wis., 480; *Stimpson v. Monmouth Ins. Co.*, 47 Me., 386; *Hibernia Ins. Co. v. O'Connor*, 29 Mich., 241; *Franklin F. Ins. Co. v. Chicago Ice Co.*, 36 Md., 102: 11 Amer., 476; *Phillips v. Protection Ins. Co.*, 14 Mo., 220; *Ins. Co. v. Sheets*, 26 Gratt. (Va.), 854; *Kernochan v. N. Y. Bowery Ins. Co.*, 17 N. Y., 433; May on Insurance, 566–7; notice of loss to the local agent of an insurance company is notice to the company, *Peoria M. & F. Ins. Co. v. Hall*, 12 Mich., 214; *McEwen v. Ins. Co.*, 5 Hill, 101; a person named in a policy as payee as his mortgage interest may appear is a proper person to give notice of loss, *Ins. Co. v. Stein*, 5 Bush (Ky.), 652; or the assignee of the policy, owning the interest of the assured; *Cornell v. Leroy*, 9 Wend., 163; where notice is simply to be given to the company, notice to an agent is sufficient, *People's Ins. Co. v. Spencer*, 53 Penn. St., 353; *Newman v. Springfield Ins. Co.*, 17 Minn., 123; *Marsdon v. Ins. Co.*, L. R., 1 C. P., 231; *Schenck v. Ins. Co.*, 4 Zab., 447; *Sexton v. Ins. Co.*, 9 Barb., 191; *Keenan v. Ins. Co.*, 12 Ia., 126; objection to the form of notice can be waived, *Pechner v. Phœnix Ins. Co.*, 65 N. Y., 209; *Blake v. Exchange Ins. Co.*, 12 Gray, 265; *Transportation Co. v. Ins. Co.*, 6 Blatch., 241; *Francis v.*

*Ocean Ins. Co.,* 6 Cow., 404; 17 Alb. L. Journal, 363; the local agent of a foreign insurance company is to be considered its general agent and has the same powers in the locality, unless the party dealing with him has express notice of his want of authority, *Miller v. Phœnix Ins. Co.,* 27 Ia., 203 : 1 Amer. 262; where a company assigns a reason for objecting to pay a loss and is silent as to the time and mode of notice, it waives objection to the notice, *Works v. Farmers' Mut. Ins. Co.,* 57 Me., 283; *Patrick v. Farmers' Ins. Co.,* 43 N. H., 621; *Bartlett v. Union Ins. Co.,* 46 Me., 502; circumstances determine whether notice is given within a reasonable time, *Knickerbocker Ins. Co. v. Gould,* 80 Ill., 388; *Bennett v. Lycoming Ins. Co.,* 67 N. Y., 274; good faith requires the company to notify the assured of formal objections to a notice, *O'Niel v. Buffalo Ins. Co.,* 3 Comst., 122; the execution of a void mortgage, insurance policy, sale or other void transaction will not avoid an insurance policy under the clause against incumbrances, *Clark v. N. E. Ins. Co.,* 6 Cush., 347; *Pitney v. Glen's Falls Ins. Co.,* 65 N. Y., 26; *School Dist. v. Ætna Ins. Co.,* 62 Me., 330; *Philbrook v. N. E. Ins. Co.,* 37 Me., 137; *Jackson v. Mass. Ins. Co.,* 23 Pick., 418; *Hubbard v. Hartford Ins. Co.,* 33 Ia., 325; *Copeland v. Merc. Ins. Co.,* 6 Pick., 197; *Stacey v. Franklin Ins. Co.,* 2 W. & S., 545; Wood on Ins., 540, § 312; 1 Phillips on Ins., 482; May on Ins., § 369.

MARSTON, J. Counsel for plaintiff in error very properly arranged the questions raised in this case under three heads, and we will follow that arrangement.

I. *The notice.* The provision in the policy requiring notice to be given is as follows: "In case of loss the assured shall give immediate notice, stating the number of the policy and the name of the agent." It was not claimed that any notice whatever was given by Colby, the owner of the premises, and the person to whom the policy was issued. The policy was made payable, in

case of loss, to Charles Jagger, as his mortgage interest should appear. James L. Dobbins also had a mortgage on the premises, which will be referred to hereafter, and after the fire an assignment was made to him by Colby of all right, title and interest in and to this policy of insurance over and above Jagger's claims. This assignment was intended by the parties to speak as of a time before the fire. Notice was given by both Jagger and Dobbins to the local agent of the company who issued the policy, which was brought home to the knowledge of at least the general agent or adjuster of the company.

We are of opinion that the notice was sufficient within the letter and spirit of the policy, when given by these parties. No matter what the intention of the parties may have been as to the time the assignment to Dobbins, made after the fire, should be considered as of an earlier date, it could only take effect and operate as at the time of the delivery after the fire, and as an assignment of a money demand against the company. Colby thereupon having no longer any interest in the policy, or the claim thereunder, except as might be applied in payment of his debts, could not, by a neglect or refusal to notify the company of a loss, deprive the mortgagee or the assignee of their rights. They had a direct interest in the matter, and a notice from them would be equally good and available to the company as would a notice from Colby. The mortgagee was one of the parties "assured" within the meaning of the policy, and a notice given by him would enure to the benefit of all other interested parties, and such notice need not be in writing. This notice is distinct from proofs of loss. The whole object is that the company may know that a loss has in fact occurred, so that it might take such action as it considered proper to protect its interests.

II. *Whether the plaintiff, defendant in error, could bring this action in its own name.* Jagger and Dobbins assigned all their claim to the sewing machine company. This we think clearly gave the company a

right to bring this action in its own name, under our statute. There was no splitting up of the claims in this case—all had passed into the plaintiff. The construction thus far given the statute, which permits the assignee of a *chose in action* to commence suit therefor in his own name, has been liberal, and fully covers cases of this character.

III. The third and most important question relates to the mortgage given to Dobbins. The premises in question were and constituted the homestead of Colby. Mrs. Colby, at the time this mortgage was given, was absent in New Hampshire, but it is not claimed that there was any abandonment of the premises, or that they were not, in fact, at the time the mortgage was executed, exempt as a homestead. Mrs. Colby did not join with her husband in giving this mortgage, and under the constitution and statutes of this state, the mortgage was invalid, and no process of reasoning could well be adopted that would give any force or effect whatever to such an instrument. That such a mortgage is wholly void was conceded on the argument, and correctly.

Was then this mortgage an incumbrance upon the property which would vitiate the policy, according to the terms thereof? We are all clearly of opinion that it would not. The policy has reference to a valid incumbrance; a void mortgage is no incumbrance at all. Conditions in a policy, rendering it void in case of subsequent insurance without consent, have frequently been held not to be avoided, unless such subsequent insurance was valid and enforceable. The principle here is the same. What the parties may have supposed, would be wholly immaterial. A valid incumbrance would render void the policy, irrespective of what opinion the assured might entertain in reference thereto. The legality or illegality of the incumbrance, and not the intention of the assured, must govern. *Sutherland v. Old Dominion Insurance Co.*, (Va.) 7 Rep., 446; *Hubbard vs. Hartford F. Ins. Co.*, 11 Am., 125; *Thomas v. Builders' Fire Ins.*

*Co.*, 20 Am., 317; *Knight v. Eureka Ins. Co.*, id., 778; *Lindley v. Union Ins. Co.*, id., 701.

The judgment must be affirmed, with costs.

The other Justices concurred.