# Michael & Brother v. Billings Printing Co.

(Decided October 29, 1912.)

## Appeal from McCracken Circuit Court.

1. Landlord and Tenant—Repair of Leased Premises.—Unless the contract of lease otherwise provides the tenant takes the premises as he finds them, and the landlord is under no obligation to make repairs that will make the building more useful or comfortable.

2. Landlord and Tenant—Liability of Landlord For Negligence in Making Repairs.—Although a landlord is under no duty to repair the premises, yet if he undertakes to do so and performs the work in such a negligent manner as to damage the tenant, he will be liable to the tenant for the loss sustained by his negligence.

3. Landlord and Tenant—Independent Contractor.—If the landlord voluntarily undertakes to repair the leased premises and employs a contractor to do the work, he will be liable to the tenant for damages sustained by the negligence of the contractor, although the tenant may have consented to the making of the repairs and the contractor may have been what is usually called an independent contractor.

BERRY & GRASSHAM for appellants.

OLIVER & OLIVER for appellees.

OPINION OF THE COURT BY JUDGE CARROLL—Affirming.

In 1909 the appellants leased to appellees a two-story brick building in the city of Paducah, for five years, with the privilege of renewal. In May, 1911, appellees brought this suit against the appellants to recover damages in the sum of $1,000. They averred that the building was rented, as appellants well knew, for the purpose of being occupied as a printing office, and it was necessary, as appellants well knew, that the building should remain dry and be free from leaks and other conditions that might permit water to run into or stand in the building. That the building when they rented it, appeared to be in a satisfactory condition in these respects, but appellants although knowing that it was not, on account of defects in drain and down pipes, concealed from appellees the defects in these pipes, which defects were not and could not have been discovered by them

by the most careful inspection. They further averred that the appellants, in making repairs on and about the building, did the work in such a negligent and careless manner as to cause large volumes of water to come into the building, to the great injury of their material and plant. They also averred that when this condition was discovered they at once notified appellants, who agreed to repair the same and keep the building in suitable condition, but that they failed to do so, and in addition wrongfully took down the walls of the building without the consent of the appellees, leaving their material and plant exposed to the weather, whereby it was seriously damaged.

To this petition the appellants filed an answer traversing its material averments. On June 7, 1911, appellees tendered an amended petition which was filed over the objection of appellants, and afterwards on November 1, 1911, they tendered an amended and supplemental petition, which, over the objection of appellants, was allowed to be filed and when filed was controverted of record by agreement and the case set down for trial on the 15th of November.

In this amended and supplemental petition, which was intended to take the place of the original and amended petitions, they averred that in pursuance of an agreement to do so, the appellants made material alterations and improvements in the building, but made them in such a careless and negligent manner as to damage the property of appellees.

On the day the case was set for trial, the appellants offered, and the court permitted to be filed, an amended answer, in which it was set out that the repairs complained of by appellees were made by independent contractors, employed by appellants, and that the work done by these independent contractors was done with the consent of appellees, and therefore they were not responsible for any negligence the contractors may have been guilty of, or for any damage the appellees may have sustained in consequence thereof. After the evidence had been heard the court refused, on request of appellants, to instruct the jury that appellees could not recover if the repairs were made with the consent of the appellees and the work was done by independent contractors over whom the appellants had no control, and also refused, on request of appellants, to instruct the

jury to find for them unless they believed that the repairs were made without the consent of appellees, and instructed the jury that if they believed from the evidence that the defendants in making changes, repairs or improvements to or upon the leased premises at the times complained of, did so in such a careless or negligent manner that water was caused to run into said building, or soot fall therein, which destroyed or damaged plaintiffs' printing presses, rollers, paper and other property therein, they should find for plaintiffs such damages as would compensate them for the actual damage sustained, setting out in detail the items of damage for which a recovery might be had. In another instruction the word "negligently" was defined. A reversal of the judgment is asked because the court erred in allowing the amended petition offered on November 1, 1911, to be filed, and in instructing the jury.

The amended and supplemental petition, which was intended to and did take the place of the other pleadings filed by the plaintiffs, did not state any distinct new cause of action. It merely set out with more elaboration and care the cause of action upon which the plaintiffs relied in their petition. This amended pleading cannot be treated as a departure from the pleadings heretofore filed, but even if it should be so treated the appellants were not prejudiced by the action of the court in permitting it to be filed. It was filed fourteen days before the case came up for trial, and it does not appear that appellants were not ready to try the issues tendered by this amended pleading. They made no motion for a continuance and were evidently as well situated to try the case when it was tried as they could have been afterwards. The evidence for appellees was entirely confined to the establishment of the facts stated in the supplemental petition, that the repairs and improvements made by appellants were made in such a negligent and careless manner as to injure their property. It is wholly immaterial whether there was any mistake in the contract of lease or not, or whether it contained any stipulation obliging appellants to make any repairs, because if they undertook to make repairs or improvements when they were not obliged to do so, it was their duty to make them in a careful and prudent manner. The general rule is that the tenant takes the premises as he finds them, and in the absence of a contract imposing

upon the landlord the duty to make repairs or improvements, he is under no implied obligation to do so. But notwithstanding this, if the landlord undertakes to make improvements or repairs on a leased building, and he makes them in such a negligent and careless manner as to injure the tenant, the tenant may recover the damages he sustains by reason of this negligence or carelessness, and the instructions given by the court conform to this view of the law. LaBrasca v. Hinchman 81 N. J. Law, 367, 79 Atlantic Rep., 85; Wertheiner v. Saunders, 95, Wis., 573, 37 L. R. A., 146; Nahm & Friedman v. Register Newspaper Co., 120 Ky., 485.

It is further insisted that the court should have given the instructions offered by appellants. The evidence shows that the contractor who did the work was not an independent contractor, but even if he was, the landlord could not escape liability for his negligence; Nahm & Friedman, v. Register Newspaper Co., supra. The mere fact that the tenant consents to repairs being made does not relieve the landlord from liability for his negligence in making them, nor do we understand that the Register Co. case so holds. The court in the course of the opinion in that case merely stated that the trial court had instructed the jury that if the tenant consented to the building of a second story, they should find for the landlord, but of course did not say or mean to say that the fact that a tenant consents that the landlord may make improvements or repairs justifies the landlord in making them in such a negligent or careless manner as to injure the tenant in the use of his property. In the absence of evidence showing that the tenant took the risk of any damage he might suffer by reason of the negligence of the landlord in making the repairs or improvements, the landlord will not be exonerated from liability for damage caused by his negligence, as the tenant will only be deemed to have consented that the repairs be made in an ordinarily careful and prudent manner. The instruction given by the court presented the only issue in the case, and in finding a verdict for appellants, the jury evidently believed that the repairs were made in a negligent manner and that appellees sustained damages in the amount assessed in the verdict.

The judgment is affirmed.