## HARTFORD ACCIDENT & INDEMNITY CO. v. NEIMAN–MARCUS CO.*
(No. 9427.)

(Court of Civil Appeals of Texas. Dallas. Oct. 31, 1925. Rehearing Denied Nov. 21, 1925.)

Insurance ⊜⟶612(2)—Stipulation in bond making claim for loss within 3 months condition precedent to recovery held invalid.

Stipulation in employer's schedule bond requiring, as condition precedent to recovery for loss, that employer make claim within 3 months after termination of suretyship or any 12 months period, *held* within express provisions of Rev. St. 1925, art. 5546, and hence invalid.

Appeal from District Court, Dallas County; Louis Wilson, Judge.

Action by the Neiman-Marcus Company against the Hartford Accident & Indemnity Company. Judgment for plaintiff, and defendant appeals. Affirmed.

Eckford & Whisenant, of Dallas, for appellant.

Thompson, Knight, Baker & Harris, of Dallas, for appellee.

VAUGHAN, J. This suit was instituted in the court below by appellee against appellant upon what is known as an employer's schedule bond, issued by appellant to appellee on the 10th day of March, 1918, which bond was extended from time to time and amended to cover changing schedules of employés. The bond remained in force throughout the hap-

pening of the matters and things involved in said suit, to wit, the pecuniary loss to the amount of $2,562.46 alleged to have been sustained by appellee by reason of the larceny or embezzlement of C. C. Compton, its credit manager, who, among others, appeared upon the schedule of said bond. The extent of the liability of appellant as to the defalcations of each employé of appellee was limited in said bond. As to C. C. Compton the limit was $5,000, and the bond ran annually for each employé, according to the date the name of such employé was entered upon said schedule. The name of Compton as credit manager was entered on said schedule December 13, 1918.

Appellee alleged in substance, and proved, the following material facts: That on March 5, 1918, appellant, for a valuable consideration to it paid, issued its fidelity bond No. 104094 in favor of appellee, as alleged in its petition; that on December 21, 1921, appellee discovered losses sustained by it by reason of the embezzlement of C. C. Compton, and the losses so discovered occurred during the three years said bond was in existence; that during the two annual periods of said bond from December 13, 1918, to December 13, 1920, embezzlements amounting to $2,112.46, and from December 13, 1920, to December 13, 1921, embezzlements amounting to $2,206.22, were discovered by appellee, and in 1923 further embezzlements by the said C. C. Compton during the annual period from December 13, 1920, to December 13, 1921, amounting to $450, were discovered by appellee; that about December 21, 1921, appellee discharged said Compton, and within the time required by section 4 of the bond presented its proof of loss, except as to the embezzlements amounting to $450; that the amounts shown to have been embezzled by Compton from December 13, 1920, to December 13, 1921, amounting to $2,206.22, were paid by appellant, and the liability for the embezzlements occurring in the two annual periods beginning, respectively, December 13, 1918, and December 13, 1919, amounting to $2,112.46, and for embezzlements occurring during the annual period beginning December 13, 1920, and not discovered by appellee until the year 1923, amounting to $450, was denied by appellant by reason of section 8 of said schedule bond.

Appellant, in answering to said suit, admitted that it issued the bond substantially as set forth in appellee's petition, but alleged that its liability thereon was limited by the express language of said bond and was subject to certain conditions named in said bond, which were conditions precedent to any recovery thereon, and, among said conditions precedent was said section 8 thereof. As to said section 8 of said bond, appellee, in effect, pleaded that said section, among the conditions precedent in said bond, was and is void under the laws of this state, to wit, ar-

ticle 5546, Texas Revised Civil Statutes 1925, formerly article 5714, Texas Revised Civil Statutes 1911, and that same is unreasonable, and, if construed to require appellee to make the claim therein mentioned prior to the discovery by it of any loss under said policy (which construction appellee expressly denied), such section is unreasonable and unenforceable. Appellant's answer charges the failure upon the part of appellee to make claim within the time required in said section 8, but no part of appellant's pleading was under oath. Of the several provisions of said bond, it is only necessary that the following be set out:

"The Hartford Accident & Indemnity Company (hereinafter called the surety), in consideration of an agreed premium, binds itself to pay to Neiman-Marcus Company, Dallas, Texas (hereinafter called the employer), within sixty (60) days after satisfactory proof thereof, such pecuniary loss as the employer shall have sustained of money or other personal property (including money or other personal property for which the employer is responsible) through larceny or embezzlement committed by any of the employees named upon the schedule attached hereto and made a part hereof, in the position in the employer's service designated in said schedule during the period commencing with the respective dates set opposite the names of the employees in said schedule, and ending with the termination of the suretyship for any employee by his dismissal or retirement from the service of the employer, by the discovery of loss thereunder, or by cancellation by the employer or the surety.

"The foregoing is subject to the following conditions, which shall be conditions precedent to any recovery hereunder: * * *

"(4) The employer, immediately on becoming aware of any act giving rise to a claim hereunder, or facts indicating such acts, shall notify the surety at its home office, by telegraph and registered letter giving all known particulars, and, within sixty (60) days after discovery of any loss, shall file with the surety an itemized statement thereof under oath and shall produce for investigation such books, vouchers, and evidence in his possession as the surety may require. * * *

"(8) Any claim hereunder must be made within three (3) months after the termination of the suretyship for any employee, or within three (3) months after the date of expiration of each and every period of twelve (12) months from the beginning of the suretyship for any employee, during the continuance of this bond, as to the acts or defaults of said employee committed during any such period of twelve (12) months."

"(10) No action or proceeding to recover hereunder shall be brought unless commenced within a period of six (6) months after the employer shall have given notice of such claim, as required hereunder."

Said schedule bond had attached thereto schedules of the various employés, among them, C. C. Compton, credit manager, effective of date December 13, 1918; that the acceptance notice of said Compton, being added to said schedule, among other things provided:

"This acceptance notice is issued with the distinct understanding that the liability of the Hartford Accident & Indemnity Company shall under no circumstances be cumulative, and shall not exceed the amount of bond in effect as to any employee or employees when the dishonest act of the employee or employees shall have been committed, and shall in no event exceed the maximum amount at any time specified as to such employee or employees."

It was further established that:

"Upon the written application of appellee, the bond was renewed on the 10th day of March, 1919, for a year, and again renewed on the 10th day of March, 1920; that the 12 months period for each employé was from the date his name was originally added to said schedule, and that said C. C. Compton's name was added on December 13, 1918."

It will be observed that appellant defended said suit solely on the ground that appellee failed to comply with the eighth condition precedent contained in the bond declared upon. The case was tried on the 20th day of June, 1924, before the court without a jury, and judgment rendered in favor of appellee against appellant for $2,562.46, from which judgment appellant prosecutes this appeal.

Appellant in the court below contended, and now contends, that the meaning of section 8, supra, is that appellant limited its liability under said bond to become liable for defalcations of Compton occurring within any annual period of the bond and discovered by appellee within said twelve months period or within three months thereafter; that said provision was for the benefit of appellant, in that it required diligence on the part of appellee to discover defalcations of said Compton within the time fixed in order to hold appellant liable under the terms of said bond. and protected itself against negligence or carelessness or indifference on the part of appellee, in that it fixed the time limit within which defalcations of an employé should be discovered in order to render appellant liable under the terms of said bond. That appellant could have properly so limited its liability without contravening said article 5546, supra, there can be no question. Fidelity & Cas. Co. of N. Y. v. Cont. Nat'l Bank, 71 F. 116, 17 C. C. A. 641; Ballard County Bank, Assignee, v. U. S. F. & G. Co., 150 Ky. 256, 150 S. W. 1; Guaranty Co. of N. A. v. Mech. Sav. Bank & Trust Co., 183 U. S. 402, 22 S. Ct. 124, 46 L. Ed. 253, 256; Larrabee v. Title Guaranty & Surety Co., 250 Pa. 135, 95 A. 416, L. R. A. 1916F, 709; Proctor Coal Co. v. U. S. Fid. & G. Co. (C. C.) 124 F. 424. In Taber v. Western Union Tel. Co., 104 Tex. 272, 277, 137 S. W. 106, 34 L. R. A. (N. S.) 185, the court had under discussion the constitutionality and effect of said section 5714, now 5546, supra, and held that:

(277 S.W.)

"The purpose of the act was to fix a minimum period of 90 days from the time the cause of action arose in which notice of any claim for damages might be required, by stipulating as a condition precedent to the right to sue and to declare as a matter of law the invalidity of any contract undertaking to fix a shorter time than 90 days in which such notice is required to be given."

This article deals only with, and by its terms applies to, the question of giving notice of an existing cause of action, and does not in any respect place a limitation upon the right of contracting parties to determine to what extent and under what circumstances and for what purpose liability shall rest upon the parties respectively, and therefore its terms have no reference to those things which create liability or causes of action, or to provisions in obligations which provide for a limited liability. This presents the question whether said paragraph 8 in said bond is, within the meaning of said statute, article 5546, supra, a stipulation requiring notice to be given of a claim for damages as a condition precedent to the right to sue thereon. The opening paragraph of said bond obligates appellant to pay appellee pecuniary loss resulting from larceny or embezzlement committed between the dates set opposite the name of the particular employé in the schedule and the dismissal or retirement of such employé, or the discovery of the loss. This is the obligatory paragraph of the bond. It is an absolute, unqualified, and unconditional obligation for the payment of such loss, and depends entirely upon subsequent provisions in the bond to cut down or reduce the obligation thus assumed.

Counsel for appellant very earnestly and ably urge the proposition, both by brief and oral argument before the court, that the character of loss covered by the bond embraces only such loss as may be discovered and claim made therefor within the time stipulated in said section 8, contending that section 4 is the provision of the bond that comes within article 5546, which, of course, is void because it is a less period than 90 days, and that section 8 must have been included in the bond for some useful purpose, and must have meant something different from section 4, and that as the bond was a yearly obligation, and it being distinctly provided that it should not be cumulative, that the intention and effect of said section was, and could only be, as contended for by appellant, to wit, that appellant would only be liable for defalcations of Compton occurring within any annual period of the bond and discovered by appellee within said 12 months period, or within 3 months thereafter.

The authorities cited by appellant in support of this position are, in effect, cases in which the obligatory clause of the bond was so worded as to embrace within the protection of the bond only such loss as might be discovered within a given time, or upon which claim might be made within a given time. Such, however, in our opinion, is not the nature of the bond before us. The obligatory clause of this bond, as above stated, constitutes an unqualified obligation to answer up to a certain sum for all losses coming within the description in the opening paragraph of the bond. This description does not assume to exclude any loss which may not have been discovered, or upon which claim may not have been made within the time stipulated in said section 8. By the language of the bond, section 8 is made a condition precedent to any recovery, as is evident from the language of the section immediately following the opening obligatory paragraph, to wit:

"The foregoing is subject to the following conditions, which shall be conditions precedent to any recovery hereunder."

Section 8 deals with the making of a claim against appellant under the terms of the obligation assumed in the bond to be kept and performed for the use and benefit of appellee, and by its plain language makes it incumbent as a condition precedent that, before any enforceable liability should accrue in favor of appellee against appellant under said bond, appellee should make a claim against appellant under the terms and provisions of said bond within 3 months after the termination of the suretyship for any employé, or within 3 months after the date of expiration of each and every period of 12 months from the beginning of the suretyship for any employé during the continuance of the bond, as to the acts or defaults of an employé committed during such period of 12 months. This can only refer to making a claim under said bond within 3 months, because of the acts or defaults of an employé committed during any period of 12 months that said bond was in existence. It must be apparent that said section 8 does not deal with the description of the character of the loss covered by the bond, but deals only with the remedy of the appellee in order to obtain immunity for said loss, and, as a condition precedent to the pursuit of such remedy, undertakes to fix a time within which same must be invoked. Bearing in mind that the section in question is expressly stipulated to be a condition precedent to recovery, and is not concerned with the character or extent of the liability of appellant covered by the bond, but by a proper interpretation of its language can only be given effect as furnishing a remedy to appellee for the loss sustained under said bond, as said article 5546 deals with stipulations intended to be conditions precedent to the right to sue, said section 8 falls within the precise language of said statute. Article 5546, Texas Rev. Civ. Stats. 1925; Citizens' Guaranty State Bank of Hutchins v. National Surety Co. (Tex. Com. App.) 258 S. W. 469; Fire Ass'n v. Richards (Tex. Civ. App.) 179 S. W.

926; Insurance Co. v. Hare (Tex. Civ. App.) 180 S. W. 282; U. S. Fid. & G. Co.' v. Pressler (Tex. Civ. App.) 185 S. W. 326.

The judgment of the trial court having properly disposed of the cause, it should be in all things affirmed; and it is so ordered.

Affirmed.