## PROVIDENCE WASHINGTON INS. CO. v. WHITLEY.

### No. 9936.

Court of Civil Appeals of Texas. Galveston. March 30, 1934.

Rehearing Denied May 3, 1934.

Bryan & Bryan, of Houston, for plaintiff in error.

F. A. Collins, A. A. Collins, and W. H. Hanson, all of Houston, for defendant in error.

LANE, Justice.

On or about November 28, 1931, J. H. Whitley, defendant in error, who will hereafter for convenience be referred to as plaintiff and appellee, brought this suit against the Providence Washington Insurance Company, hereafter for convenience referred to as defendant and appellant, to recover the principal sum of $1,000, interest, and costs.

By his second amended original petition, upon which he went to trial, the plaintiff alleged that defendant had issued to him its policy of fire insurance covering certain described property owned by him, situated in the city of Houston, in Harris county, Tex., which he alleged was of the value of $1,500; that the policy was issued on the 11th day of September, 1929, to run for the term of three years; that said policy was in full force and effect on the 27th day of November, 1930, at which time the building described and insured was totally destroyed by fire; that said building was the homestead of himself and wife prior to her death on the 27th day of June, 1929, and that after his wife's death he continued to reside in the building; that he had an insurable interest in the house; that at the time the house was destroyed he was the sole owner thereof; that he had performed all of the conditions which were required of him by the terms of the policy and that he was entitled to a recovery of $1,000 as liquidated damages, together with interest thereon at the rate of 6 per cent. per annum from the 27th day of November, 1930, for all of which he prayed.

Defendant answered by general demurrer,

general denial, and by specially alleging that the insurance contract sued on is void and was by plaintiff violated and that plaintiff was not entitled to a recovery for the following reasons: (1) Because he burned, or caused to be burned, the insured property with the fraudulent purpose of collecting insurance money from defendant; (2) because he failed to file proof of loss required by the express terms of the policy sued on, within 91 days from the date on which the property was destroyed by fire; (3) that plaintiff violated the terms of the policy relating to concealment or misrepresentation in writing or otherwise of material facts or circumstances concerning the subject of the insurance policy sued on or the interest of the insured in the property, and also violated the fraud and false swearing provision of said policy in that:

1. Plaintiff on or about the 30th day of July, 1931, long after the fire, attempted to file and deliver to Southwestern Adjustment Company, and did in fact so deliver to said company, a purported proof of loss or sworn statement the substance of which was that the property shown by list attached to said sworn statement had been destroyed in the fire alleged in his original petition; that all of said property belonged to him when, as a matter of fact, said property had not been destroyed by fire but had been moved by the plaintiff, prior to the fire, to B. A. Clanton's residence; that plaintiff had hidden and concealed this property, and the fact that it had not been destroyed by fire, from the insurance company for the purpose of misleading, and deceiving the defendant and causing defendant to pay claim of insurance upon property which had not been destroyed; that plaintiff was not the sole and unconditional owner of the household furniture and equipment insured by said policy sued on.

2. That plaintiff on or about the 11th day of September, 1929, misrepresented the facts to the agent of defendant when policy sued on was written, in that plaintiff represented he was the sole and unconditional owner of the property described in said policy, when, as a matter of fact he was not the sole and unconditional owner of said property and/or the household furniture therein contained; that plaintiff knew he was misrepresenting the facts at the time he made said statements.

3. That the property, the subject of the policy sued on, is not a total loss but only a partial loss.

The court instructed the jury selected to try the case that the case would be submitted on special issues and that their answers thereto should be based upon a preponderance of the evidence.

In answer to such special issues the jury found: First, that the building burned was a total loss; second, that the plaintiff was not guilty of any fraud touching any matter relating to the insurance or the subject thereof, either before or after the loss; third, that the plaintiff was not guilty of any false swearing touching any matter relating to the insurance or the subject thereof, either before or after the loss; and, fourth, that the plaintiff did not cause or procure the burning of the building in question.

The court charged the jury that in law fraud may be accomplished either by word or conduct, the effect of which would be to represent as a truth a condition not true for the purpose of obtaining an advantage. Any act or statement made in bad faith for the purpose and with the intent of obtaining an unfair advantage would be fraudulent. That false swearing is the making of a voluntary statement under oath under circumstances not required by law, but permitted by law, and is the voluntary and intentional making of a false statement, intentionally made with knowledge of its falsity and with the intent that the person to whom it is made should believe it, and with the intent to defraud the person to whom it is made.

Upon the verdict of the jury the court rendered judgment for the plaintiff against defendant for the sum of $1,000, same being the full sum for which the property was insured, together with interest thereon from the 1st day of February, 1931, and for costs of suit.

Defendant has brought the cause to this court upon a writ of error.

At the close of the evidence the Insurance Company requested the court by motion to instruct the jury to return a verdict in its favor. Such motion was by the court refused.

The Insurance Company, hereinafter referred to as appellant, insists that the court erred in not sustaining its motion for an instructed verdict in its favor, in that the "sole and uncontroverted testimony showed that plaintiff had not filed any proof of loss with defendant company, in the form, manner and time as required by the terms and provision of the policy contract sued on by plaintiff, all of which resulted in a total and complete variance between the allegations of plaintiff's petition and his proof." And in that the undisputed evidence showed that J. H. Whitley,

the insured, was not at the time the policy was issued and accepted, the sole and unconditional owner of the property claimed to have been destroyed as required by the policy contract, which fact had the effect to render the policy contract void.

We sustain appellant's contentions.

The policy provides: "This policy is made and accepted subject to the foregoing stipulations and conditions and to the following stipulations and conditions printed on pages two (2) and three (3) hereof, which are hereby specially referred to and made a part of this Policy, together with such other provisions, agreements or conditions as may be indorsed hereon or added hereto, and no officer, agent or other representative of this company shall have power to waive any provision or condition of this policy except such as by the terms of this policy may be the subject of agreement indorsed hereon or added hereto, and as to such provisions and conditions no officer, agent or representative shall have such power or be deemed or held to have waived such provisions or conditions unless such waiver, if any, shall be written upon or attached hereto, nor shall any privilege or permission affecting the insurance under this policy exist or be claimed by the insured so written or attached."

It is specially provided by the policy in question that if fire occurs, the insured shall "within 91 days after the fire, unless such time is extended in writing by the Company, render a statement to this Company, signed and sworn to by said insured, stating the knowledge and belief of the insured as to the time and origin of the fire; the interest of the insured and all others in the property; the cash value of each item thereof; and the amount of loss thereon; all incumbrances thereon; all other insurance, whether valid or not, covering any of said property; * * * any change in the title, use, occupation, location or exposure of said property since the issuing of this policy; by whom and for what purpose any building herein described and the several parts thereof were occupied at the time of the fire." It further provides:

"This company shall not be held to have waived any provision or condition of this policy or any forfeiture thereof by any requirement, act, or proceeding on its part relating to the appraisal or to any examination herein provided for; and the loss shall not become payable until sixty days after the ascertainment, estimate, and satisfactory proof of the loss herein required have been received by this company."

"No suit or action on this policy, for the recovery of any claim, shall be sustained in any court of law or equity until after full compliance by the insured with all the foregoing requirements."

The policy also provides that the entire policy, unless otherwise provided by agreement indorsed thereon or added thereto, shall be void if the interest of the insured in the property be other than unconditional and sole ownership; or if the subject of insurance be a building on ground not owned by the insured in fee simple.

■■ Adverting to the proposition of appellant that an instructed verdict should have been given it by the trial court because no proof of loss of the building was filed with the appellant company, we have been unable to find in the statement of facts any showing that any such proof of loss of the building was at any time filed with appellant within 91 days after the loss occurred as required by the specific requirements of the policy, as a prerequisite to a recovery on the same. The only proof of loss shown in the statement of facts to have been filed with appellant company is one relating to personal property only, and it was filed more than 91 days after the fire destroyed the building in question; therefore, it can have no relation to the proposition mentioned. There is nothing in the record to show that the insurer denied liability within 91 days after the loss occurred, so as to waive presentation of notice, proof of loss, etc., as required by law.

Under the provisions of article 4929, Rev. Civil Statutes of 1925, a policy of fire insurance in case of total loss (except as to personal property) becomes a liquidated demand. The statute, however, only fixes the amount, and in no manner affects the right of the parties to contract as to the filing proof of loss. Notice, and proof of loss, provide the insurer data for investigation to determine whether liability exists. The opportunity to make such investigation at any early date, after the destruction of the property, is a valuable right of which the insurer should not be deprived, when contracted for. When a policy makes the furnishing of proof of loss a condition precedent to the enforcement of the policy, and the proof of loss has not been furnished nor waived, the insured cannot recover on the policy. Commercial Union Assurance Co. v. Preston. 115 Tex. 351, 282 S. W. 563, 564, 45 A. L. R. 1016; Scottish Union

362

& National Ins. Co. v. Clancy, 83 Tex. 113, 18 S. W. 439; Delaware U. & W. Fire Ins. Co. v. Brock, 109 Tex. 425, 211 S. W. 779.

In the case last cited it is recited that the contract between the parties, as embodied in the policy, required the insured, if fire occurred, to render a *signed and sworn* statement within 90 days after the fire, stating, among other matters, the knowledge and belief of the insured as to the time and origin of the fire, the interest of the insured and of all others in the property, etc. It is then stated substantially that the policy obviously required something more than notice, and something essentially different from mere notice; that that which was required has very positive value to the insurer, wholly apart from carrying to him notice of a claim for loss or damage. Citing, Watertown Fire Ins. Co. v. Grover & Baker S. M. Co., 41 Mich. 131, 1 N. W. 961, 32 Am. Rep. 147.

In Commercial Union Assurance Co. v. Preston, supra, it is said: "The policy contained a provision that, if a fire occurred, the insured should, within 91 days after the fire, unless the time is extended in writing by the company, render a statement to the company, signed and sworn to by him, stating, among other matters, the knowledge and belief of the insured as to the time and origin of the fire, the interest of the insured and of all others in the property, and the cash value of each item thereof, and the amount of loss thereon."

Again: "The decisions of this court recognize that, when the policy makes the furnishing of proofs of loss a condition precedent to the enforcement of the policy, and the proofs have been neither furnished nor waived, the insured fails to establish his right to recover on the policy."

■ Coming now to the contention of appellant that an instructed verdict should have been given it by the trial court, because the undisputed evidence showed that J. H. Whitley, the insured, was not, at the time the policy was issued and accepted, the sole and unconditional owner of the property destroyed, as such ownership was required by the terms of the policy. We find that it is shown by the undisputed evidence that J. H. Whitley and wife, Nellie Whitley, occupied the property, prior to its destruction, as their homestead; that it was the community property of the two; that on the 27th day of June, 1929, Nellie Whitley died leaving children surviving her; that the policy in question was issued on the 11th day of August, 1929, more than two months after the death of Nellie Whitley. From the facts stated it is apparent that J. H. Whitley, the insured, was not, at the time the policy was issued and accepted, the sole and unconditional owner of the property destroyed.

We think the trial court erred in refusing to instruct a verdict for appellant on either, or both, of the reasons urged by appellant for such instruction.

If, however, we are in error in the conclusions next above expressed, we are of opinion that the judgment should be reversed and the cause remanded upon two grounds urged by appellant for such reversal, to wit: First, that findings of the jury that appellee was not guilty of any fraud touching any matter relating to the insurance or subject thereof was and is so against the great weight and preponderance of the evidence as to be clearly wrong. Second, that the court erred in refusing to set aside the verdict of the jury and grant a new trial for the reasons: (1) That the jury was guilty of misconduct prejudicial to appellant, while deliberating, in that they reached their verdict in answer to special issues 2, 3, and 4 on the ground that as there was no showing that the prosecuting authorities of the state and city had prosecuted the insured, Whitley, for arson, such failure to so prosecute him was proof that he was not guilty; (2) in that at least three or more of the jurors were directly influenced to agree to the verdict rendered, by reason of the fact that the jury argued, while considering their verdict, that since there was no showing that J. H. Whitley had been tried or convicted for arson he was not guilty of burning or procuring the burning of his house; and (3) in that the jury was influenced to render their verdict in answer to special issues 2, 3, and 4 by reason of the fact that some of the jurors, while deliberating their verdict, argued that if the police were not interested enough to prosecute Whitley and had returned to him certain household goods taken from his house the day before the fire destroyed it, and stored in the house of one Clanton, they concluded that Whitley was not guilty of arson.

■ The evidence shows that the house was burned about midnight on November 27, 1930; that the 11th day of September, 1930, Whitley had an additional $500 insurance placed on his household goods; that shortly before the fire Whitley repaired a small building belonging to his friend, B. A. Clanton, for the purpose of storing his household goods, and that in a few days thereafter he did so store said goods upon which he had insurance;

setting aside the answers of the jury to special issues 2, 3, and 4, submitted by the court.

that the police took possession of the household goods stored at Clanton's place, after the fire, and thereafter, upon demand of R. C. Whitley, nephew of J. H. Whitley, who lived with J. H. Whitley, the goods were by the police delivered to R. C. Whitley and took the receipt of J. H. Whitley therefor; and on the 30th day of July, 1931, about eight months after the fire, J. H. Whitley signed and swore to the following instrument:

"Sworn Statement in Proof of Loss to the Providence Washington Insurance Company, Providence, R. I.

"All household furniture destroyed by fire on the 27th day of November, A. D., 1930, at 7727 Ave. F, City of Houston, Texas. Said property belonging to J. H. Whitley, and said property being covered by insurance policy D–11366 and #D–131182, amounting to the total sum covered by said policies of one thousand ($1000.00) Dollars.

"[Signed]   J. H. Whitley.

"State of Texas, County of Harris.

"Before me, the undersigned authority in and for said County and State, on this day personally appeared J. H. Whitley, who, first having been duly sworn upon his oath, states that the attached statement of household furniture destroyed by fire on the 27th day of November, A. D., 1930, is a true and correct statement of property lost and that the prices therein stated are true cash market value of same.

"[Signed]   J. H. Whitley.

"Subscribed and sworn to before me this the 30 day of July, A. D. 1931. [Signed] F. A. Collins, Notary Public, Harris County, Texas. [Seal.]"

"Stamped: 'Received Aug 7 1931 Southwestern Adjustment Co.'"

After a careful consideration of the evidence, we agree with the contention of appellant that the finding of the jury that the plaintiff Whitley was not guilty of any fraud touching any matter relating to the insurance or the subject thereof either before or after the loss was so against the great weight and preponderance of the evidence as to be clearly wrong.

We also agree with the contention of appellant that the trial court erred in refusing to grant appellant's motion for a new trial because of the misconduct of the jury complained of.

Appellant filed its motion for new trial, alleging misconduct of the jury as cause for

Upon hearing of the motion, W. L. Walker, one of the jurors, testified that while the jury was considering what answers should be made to said special issues, the receipt given by J. H. Whitley, to the police for the return of his household goods, was mentioned by some of the jurors; that such receipt was discussed by the jury; that the discussion was in part that the receipt showed that on it was written, "arson case"; that all of the jurors agreed that the reason the goods had been returned to J. H. Whitley was that they did not have a case against him; that the jurors took the return of the goods to Whitley into consideration in arriving at their verdict on issues 2, 3, and 4; that the jury also discussed whether Whitley had been indicted, prosecuted, tried or convicted, or acquitted of the charge of arson; that there was a great deal of argument by the jury along this line; that such was the main discussion; that the discussion over the proposition that defendant had not shown that Whitley had not been tried, convicted, charged, or acquitted on a charge of arson, had influenced his decision as a juror in making answers to special issues 2, 3, and 4; that such discussion led him to believe that they had not made a case against J. H. Whitley; that some of the jurors argued that if the state of Texas and the police department did not want to sock it to Whitley, it was not up to the jury to do anything about it; that among those using the argument stated was Mr. O'Leary, the foreman of the jury, who said the state had not made a case against Whitley; that he knew that besides himself, Mr. Turner and the two Deckers were influenced by such arguments in making their answers to special issues 2, 3, and 4; that his vote on the answers to said issues was changed on account of those discussions; that before said arguments were made the four jurors named were in favor of answering the issues 2, 3, and 4 in the affirmative; and that they did not change their conclusions until after such arguments were made.

T. H. Decker, a juror, testified that the discussion as to the charge of arson, the receipts signed by Whitley, and the release of Whitley's goods was mainly what influenced some of the jurors in making answers to special issues 2, 3, and 4.

The remainder of the testimony of Decker and the testimony of J. H. Turner, another juror, corroborates the testimony of Juror Walker.

Having reached the conclusions that the judgment should be reversed and that judgment should be here rendered for appellant, for the reasons stated in our discussions of the first two propositions herein discussed, it is accordingly so ordered.

Reversed and rendered.