SAMUEL GLICKAUF *et al.*

*v.*

CASS F. MAURER.

1. NEGLIGENCE — *when landlord liable to tenant for.* Where a landlord leases the lower story of a building to a tenant, but occupies the upper story himself, he will have no right to use it in such a manner as to injure the tenant; and if, through negligence, want of reasonable care or skill on the part of the landlord or his servants, the tenant is injured, the former will be liable to repair the same in damages.

2. Where a landlord occupying the upper story of a building employed a mechanic to put in a skylight in the roof, who neglected to cover the same, so that it rained through the opening and thereby damaged the goods of a tenant occupying the first story, it was *held* that the landlord was liable to the tenant for the negligence of the mechanic in doing the work. This case distinguished from *Scammon v. City of Chicago,* 25 Ill. 424, as there the owner gave the entire possession and control of the premises to the contractor.

3. ERROR — *refusing evidence that could not change the result.* The refusal to admit competent evidence where its admission could not have changed the result is not sufficient ground to reverse.

APPEAL from the Superior Court of Cook county; the Hon. JOHN A. JAMESON, Judge, presiding.

This was an action on the case, by Cass F. Maurer against Samuel Glickauf and Joseph Lederer. On the trial below the plaintiff recovered judgment for the sum of $1,133, and the defendants appealed.

Messrs. HERVEY, ANTHONY & GALT, for the appellants.

Mr. E. F. ALLEN, for the appellee.

Mr. JUSTICE CRAIG delivered the opinion of the Court:

In May, 1872, appellee was the tenant of appellants. He had a lease of and occupied the first story of No. 113 West

37—75TH ILL.

290      GLICKAUF *et al. v.* MAURER.      [Sept. T.

Opinion of the Court.

Washington street, Chicago, as a wholesale and retail cigar store.

The building, which was a two story frame, and two others of the same kind adjoining, were owned by appellants.

The second story of the building was in the possession and control of appellants.

A short time before the injury complained of, appellants contracted with a carpenter to put skylights in the roofs of each of the buildings. Under the contract the carpenter was to do the work for a certain stipulated price.

The work was commenced on Thursday, the 24th day of May, by the carpenter, and all the carpenter work finished by Saturday noon following. The carpenter had an arrangement with the roofers to be there on Saturday, on the completion of the carpenter work, and close up the openings; but they failed to come, and the building was left exposed over Sunday. On Saturday night a violent rain storm came, and in consequence of the roof of the building being open, appellee's store was flooded and his stock of goods seriously damaged.

He brought an action against appellants, and recovered a verdict and judgment, to reverse which they have prosecuted this appeal.

It is clear from the evidence that, if appellants, or the carpenter in charge of the work, had used that degree of diligence and care they should have done, the work could have been completed in ample time to have protected appellee from any loss or damage.

The work required to be done could have been completed in a short time, and no reasonable excuse was shown for leaving appellee's goods exposed to rain, as they were.

It is, however, urged that no legal liability attaches to appellants, as they had let the contract for doing the work to an independent contractor, who had the sole and entire control of the work; and, in support of this position, we have been referred to the case of *Scammon* v. *The City of Chicago*, 25 Ill. 424,

where it was held that an owner of land who contracts with a builder to erect a building upon it, and surrenders the entire possession of the premises, is not liable for an accident by which a stranger is injured through the negligence of the contractor or his servants.

The rule announced in that case is no doubt the correct one; but it has no application to the facts disclosed by the record before us.

In this case, appellants employed a carpenter to put in the three buildings some three or four skylights, and they were to pay him for the job $10 or $12 for each. It is true, the carpenter testified he had the entire control of the work; but that fact can make no difference. There was no such surrender of the entire possession of the premises to the workmen as could relieve appellants of responsibility.

The arrangement made amounts merely to this: Appellants employed a mechanic to make certain repairs upon a building, a portion of which was occupied by appellee as tenant of appellants. In making the repairs the mechanic can only be regarded as the servant of appellants, and we see no reason why they should not be held responsible for the negligence of the mechanic in doing the work.

It would be a strange doctrine, indeed, to hold that appellants could lease the first story of a building to appellee and receive the rent, and then employ a carpenter to remove the roof, in consequence of which a valuable stock of goods should be destroyed, and then take refuge behind the men they had caused to do an act from which the damages resulted.

It is true, the second story of the building was in the possession of appellants, and appellee could not direct or control its use, and appellants had the right to use it as they saw proper; but they had no right to use it in such a manner as to injure appellee; and if, through negligence, the want of reasonable care or skill on the part of appellants, or their servants, appellee has been injured, they must respond in damages.

It is claimed the court erred in refusing to permit one of appellants to testify that they had let the contract to do the work to an independent contractor, who had the entire control of the work.

The substance of the offered proof was already before the jury by the evidence of the carpenter, and while we see no objection to the offered evidence, yet, had it been admitted, the result could not have been otherwise than it was, and we cannot for this error reverse.

It is claimed the damages are excessive.

The amount of damages sustained by appellee to his goods was purely a question of fact for the jury. We have, however, carefully examined the evidence, and fail to find that the verdict is larger than the facts proven warrant.

The judgment will be affirmed.

*Judgment affirmed.*