(14 Misc. Rep. 340.)

## HYDE v. WILMORE.

(Common Pleas of New York City and County, General Term. November 4, 1895.)

LANDLORD AND TENANT—BREACH OF COVENANT OF QUIET ENJOYMENT.

The erection by the lessor of a one-story extension to a building, the second and third stories of which he has leased, is not a breach of his implied covenant with the lessee for quiet enjoyment, and therefore he is not liable for damages to the lessee caused by the negligence of the servants of the independent contractor erecting the extension.

Appeal from Sixth district court.

Action by Irene A. Hyde against James A. Wilmore. There was a judgment for plaintiff, and defendant appeals. Reversed.

Argued before BISCHOFF and GIEGERICH, JJ.

Louis F. Doyle, for appellant.
Eliot Norton, for respondent.

BISCHOFF, J. Plaintiff, the tenant of the second and third floors of the building No. 24 East Twenty-Fourth street, brought this action against the defendant, her lessor, for injuries to certain personal property occasioned by the injection of lime dust upon the demised premises by certain workmen when engaged in erecting a one-story extension to the building. In the written lease defendant reserved the right of access to a bath room in the rear of the second floor and the damage alleged resulted, principally, from the acts of the workmen when using the hall and bath room as a means of access to the work. The record satisfies us that these workmen were the servants of an independent contractor, and for their acts, if tortious, such contractor, and not the defendant, is liable, unless it be made to appear that, by the act of erecting the extension, defendant was chargeable with a breach of the implied covenant of quiet enjoyment which attaches to every lease. But this implied covenant goes no further than that the tenant shall not be disturbed in the beneficial enjoyment of the premises by the erection of a nuisance by the landlord, or suffer through the failure of his title (Duff v. Hart [Com. Pl.] 16 N. Y. Supp. 163; Rotter v. Goerltiz [Com. Pl.] 12 N. Y. Supp. 210); and we do not think the facts in the case at bar justify a finding that a nuisance, as against the plaintiff, was created by the bare undertaking of the work in question. No invasion of plaintiff's apartments was necessitated thereby, and it does not appear that the loss of any beneficial enjoyment of the demised premises must needs have resulted from the building of this extension. It may be that plaintiff neglected to take ordinary precautions against the intrusion of dust from the rear, but this could not affect the defendant, and for the negligence, if any, of the contractor's servants a recovery is not to be had in this action.

Judgment reversed, and new trial ordered, with costs to abide the event.