Case 62.—ACTION BY THE REGISTER NEWSPAPER CO. AGAINST NAHM & FRIEDMAN FOR DAMAGES IN REPAIRING PROPERTY LEASED BY PLAINTIFF.—May 16.

### Nahm & Friedman v. Register Newspaper Co.

Appeal from McCracken Circuit Court.

L. D. HUSBANDS, Circuit Judge.

Judgment for plaintiff. Defendants appeal. Affirmed.

Landlord and Tenant—Repairing Leased Premises—Consent of Tenant—Damages—Liability of Landlord—Independent Contractor—Cross-petition of Landlord—Demurrer.

1. Landlord and Tenant—Repairing Leased Premises—Consent of Tenant—Damages to Tenant—Liability of Landlord—Where the owner of a one-story building, which was leased for and occupied for printing a newspaper, employed an independent contractor, without the consent of the tenant, to put a second story thereon, the tenant is entitled to recover from the landlord the damage done to type, stationery, etc., by reason of its exposure to the rain, dirt and grit in the construction of the second story; and on the trial of the case the fact as to whether the tenant consented to the erection of the second story was a question for the jury, as was also the extent of the damage done to the tenant's property thereby.

2. Independent Contractor—Cross Petition of Landlord—Demurrer—In an action by a tenant to recover from his landlord damages done to his property by an independent contractor, in putting a second story on the building occupied by the tenant without the tenant's consent, a demurrer to a cross petition of the landlord against the contractor was properly sustained, as such action can not be properly litigated in the claim of the tenant against the landlord.

REED & BERRY for appellants.

1. It certainly can not be the law that if a landlord employs an independent contractor to make repairs or improvements on a building occupied by a tenant, however necessary, and when said repairs or improvements would not in themselves work a nuisance, or necessarily result in an injury to the tenant, that the landlord thereby becomes liable for every wrongful act of the contractor, or any of his employes, in the doing of said work.

2. We think that the distinction of the law is that the landlord is primarily liable to the tenant for the acts of an independent contractor resulting in the disturbance of his possession, that could be construed into an actual or constructive eviction, but not liable for the wrongful acts of said contractor, nor his employes, which do not necessarily grow out of the things contracted to be done, or, in other words, that the thing contracted to be done would not necessarily result in a nuisance.

3. We maintain that if plaintiff's property was damaged, and we concede it was, there can be no question of the liability of the independent contractor, Katterjohn, for the damages, even though appellants may be primarily liable to the plaintiffs there-

Nahm & Friedman v. Register Newspaper Co.

for, and as appellants had taken a written obligation from Katterjohn that he would do the work so as not to damage the property or business of the plaintiff, we insist that appellants should have been allowed to make their answer a cross petition against Katterjohn and make him answer for the damages, and have the whole matter settled in one action.

### AUTHORITIES CITED.

Coulter v. Norton, 43 Amer. St. Reps., 458; Chestnut v. Tyson, 53 Am. St. Reps., 115; Denny v. Marksberry, 15 Ky. Law Rep., 400; Grimes v. St. Paul Trust, 37 Am. St. Reps., 248; Keating v. Springer, 37 Am. St. Reps., 175; Civil Code of Practice, sec. 95; Civil Code of Practice, sec. 96, subsec. 3; Civil Code of Practice, sec. 111; Civil Code of Practice, sec. 97, subsec. 3; Ency. Plead. & Prac., vol. 5, p. 674, sec. 1; Ency. Plead. & Prac., vol. 5, p. 678, sec. 3; Myer's Code, sec. 125 and amendments; Phillips v. Keiffer, 2 Met., 478; Wells v. Boyd, 1 Duvall, 366; Crabtree v. Banks, 1 Met., 482; Trabue v. McAdams, 8 Bush, 80; Royse v. Reynolds, 10 Bush, 286; Loughbridge v. Cawood, 97 Ky., 533; Grogan & Key v. Allen, 5 Ky. Law Rep., 251; I. C. R. R. Co. v. Vincent, 25 Ky. Law Rep., 38.

HENDRICK & MILLER for appellee.

(No brief on record for appellee.)

OPINION BY CHIEF JUSTICE HOBSON.—Affirming.

Appellants, Nahm & Friedman, made the following lease to appellee:

"This lease made and entered into this 1st day of July, 1901, by and between Joseph L. Friedman and Max B. Nahm, of the first part, and the Register Newspaper Company, of Paducah, Ky., of the second part:

"Witnesseth: That, for and in consideration of the payment by the second parties to the first parties of the sum of four hundred and seventy-five ($475.00) dollars per year, payable in equal monthly installments at the end of each month from date hereof during a period of five years from date hereof, the first parties hereby rent and lease unto the second

party the one-story building on the south side of Broadway, between Fifth and Sixth streets, being No. 510 in the city of Paducah, Ky., for a term of five years from date hereof, and covenant to keep the second party in the quiet possession of the premises during said term.

"It is agreed that the said premises shall be occupied by the second party as a printing and publishing office, and the same may be sublet, or the term assigned by the said second party.

"The second party shall comply with all the city laws and ordinances now in force, or hereafter to be enacted, and shall not render the first parties liable thereunder.

"The second party agrees to return the said premises at the expiration thereof, or upon its vacation of same, in like condition as when received, ordinary wear and tear thereof and damage by fire, or other unavoidable casualty excepted.

"In the event of a violation of any of the conditions herein contained, then this lease shall, at the option of the first parties, become void and forfeited, and the statutory requirement as to demand and notice are hereby expressly waived.

"In testimony whereof the second party, by its president, James E. Wilhelm, together with James E. Wilhelm, who hereby assumes the obligation of surety for the performance of the conditions hereof by the said second party, have hereunto set their hands the day first above written. [Signed] Jos. L. Friedman. Max B. Nahm. Register Newspaper Co., by James E. Wilhelm, Pres't. James E. Wilhelm."

Appellee took possession of the property, which was at the time a one-story building, and was conducting in it its printing business. In the latter part of September, appellants made a contract with F. W. Kat-

terjohn to add another story to the building. Katterjohn proceeded to do this while plaintiff was in possession of the lower story with its presses, typesetting machinery, stationery, type, etc. He removed the roof so that the house was exposed, and the rain, grit, dirt and trash came down upon the plaintiff's apartments. The house continued in this condition for some months, during which there was a good deal of rain, by reason of which, as appellee alleges, much of its property was ruined, and it brought this suit for damages, alleging that it had been damaged in the sum of $2,000. Appellants denied the allegations of the petition. They also pleaded that the plaintiff consented to their adding the other story to the building, and that the work was done by Katterjohn, as an independent contractor, over whom they had no control, and for whose negligence they were not responsible. The affirmative allegations of the answer were controverted, and on the trial of the case before the jury a large amount of proof was introduced. The court instructed the jury in substance that if, while the plaintiff was occupying the building under its contract, defendants by contract caused their contractor to enter upon the house and build a second story on it without the plaintiff's consent, and thereby injured and damaged the plaintiff's property, they should find for the plaintiff, but that, if the plaintiff consented to the building of the second story, then they should find for the defendant. The court also instructed the jury, in effect, that, although the defendants made an independent contract with Katterjohn, still, if the performance of the contract in the ordinary mode of doing the work would necessarily or naturally produce the injury to plaintiff's property in the lower story of the building, then the defendants would be liable to the plaintiff for the

damages so sustained by it, and that, if they found for plaintiff, they should find such sum as damages as they believed from the evidence its property in the building was damaged by reason of the entry upon and the building of the second story to the house. The jury found a verdict in favor of the plaintiff for $1,500, and defendants appeal.

The landlord is under a positive duty to his tenant that he shall have quiet enjoyment of the premises. He can not himself tear off the roof above the tenant's head without being responsible for the consequent injury to the tenant's goods, and what he can not do directly himself he can not relieve himself of responsibility for by contracting for its being done by another. A master can not relieve himself of a non-assignable duty which he owes to a servant by contracting with another for its performance. A railroad can not relieve itself from responsibility for the exercise of its franchises by contract with another. The principle runs through the entire law, and has often been applied between landlord and tenant. Thus in Pittsfield, &c., Mfg. Co. v. Pittsfield Shoe Co. (N. H.), 53 Atl., 807, 60 L. R. A., 116, it was held by the Supreme Court of New Hampshire that a landlord is not relieved from liability from injury to tenants of a lower floor by the freezing and bursting of an automatic fire extinguisher in the upper portion of the building, by the fact that he has employed an independent contractor to keep the building heated; and in that case the court quote with approval from 1 Thompson on Negligence, sec. 663, as follows: "There are certain absolute duties resting upon natural persons and corporations, either by operation of law or by reason of having been voluntarily assumed. The law does not permit a person or corporation to cast off such a duty upon an independent

contractor so as to exonerate himself or itself from the consequences of its non-performance.'' The same rule was followed by the Wisconsin Supreme Court in Wertheimer v. Sanders, 70 N. W., 824, 37 L. A. R., 146. In that case, which was similar to the one before us, the court after collecting a great number of authorities, said: ''If an injury might be anticipated as a direct or probable consequence of the performance of work contracted for, unless reasonable care be used, the negligence of the contractor or his employes will be chargeable to the person for whom the work is done, and the latter will be held liable accordingly.'' (Marshall v. Cohen, 9 Am. Rep., 170; Gill v. Middleton, 105 Mass., 477, 7 Am. Rep., 548; Hawver v. Whalen (Ohio), 29 N. E., 1049, 14 L. R. A., 828; Glickauf v. Maurer, 75 Ill., 289, 29 Am. Rep., 238.)

The evidence on the trial was conflicting as to the amount of stationery that was ruined by the water and dirt, and as to the extent to which the presses and other machinery were injured thereby, and as to whether or not the type could have been cleaned. The proof for the appellee tended to show that from $400 to $600 worth of stationery was destroyed, that $600 worth of type was ruined so that it had to be sold for type metal, and that much damage was done to the presses and machinery. If the jury believed this evidence, they were fully warranted in finding the verdict for $1,500. While the proof for the defendant showed that there was not so much damage, it was, after all, a question for the jury, and they evidently believed the witnesses for the plaintiff. The proof leaves no doubt that the plaintiff suffered substantial damages. The water ran down into its rooms from the rain until more than once it was over an inch deep on the floor. The plaintiff's men had to stand on bricks and planks to do their work, and

were then kept wet. The water brought in grit and dirt upon the presses and machinery as well as the stationery. This condition of things lasted for several months. The jury could not have been misled by the instruction as to the measure of damages, under the evidence. They were only allowed to find the damage or injury to plaintiff's property in the building. No other matter of damage than the loss on the property in the building was allowed to be considered by them.

On the question as to whether the plaintiff consented to the erection of the second story the evidence is conflicting, but we do not see, considering it all, that the verdict should be disturbed on this ground. Propositions of compromise are not admissible as evidence. But what occurred between the plaintiff and the defendants when it presented its claim for damages on account of the loss to its property by reason of the roof being taken off and another story added to the building was competent in this case, for the reason that there was not here any effort to compromise, and what occurred when the demand was made was potent evidence that the plaintiff had not consented to the erection of the second story, for this evidence tended to show that the defendants did not then claim that the plaintiff had consented to the erection of the second story, and would have settled in the way the plaintiff proposed, but for their concluding that they were not liable on account of having made an independent contract with Katterjohn to do the work. For the same reason, the notice given to appellants on October 11th was competent, for, from this notice and the response that was made to it, the jury were warranted in concluding that it was not then understood that the plaintiff had consented to the work. The court prop-

erly told the jury that the notice was not evidence of the facts stated, and was admitted simply to show complaint.

The defendants made their answer a cross petition against Katterjohn. He was served with process upon the cross petition, and filed his demurrer to it, which was sustained. This was proper. The plaintiff had brought no action against Katterjohn. It had sued simply the defendants on their contract of lease. If Katterjohn is answerable to the defendants, the matter may be litigated in an independent action between him and them, but their cause of action against him under their contract with him can not properly be litigated in this suit by the plaintiff against them under the lease. A cross petition must relate to the cause of action sued upon. It can not be allowed to bring into the case an independent cause of action growing out of another matter.

On the whole case, we see no error to the prejudice of the appellants.

Judgment affirmed.