## BAILEY v. ZLOTNICK.

### No. 8733.

United States Court of Appeals
District of Columbia.

Argued March 19, 1945.

Decided May 14, 1945.

Mr. Charles H. Houston, of Washington, D. C. with whom Mr. Joseph C. Waddy, of Washington, D. C., was on the brief, for appellant.

Mr. Cornelius H. Doherty, of Washington, D. C., for appellee.

Before GRONER, Chief Justice, and MILLER and ARNOLD, Associate Justices.

ARNOLD, Associate Justice.

This case involves the extent to which a landlord is liable to a tenant for the negligence of an independent contractor who repairs the premises at the direction of the landlord. In a former appeal of this case involving a different issue we said:[1] "Possibly also he [the landlord] would be liable even though Hamburger [the contractor] was an independent contractor. There are authorities which hold that a landlord has a nondelegable duty to the tenant, in making repairs or new construction, to make them or see that they are made in such a manner as not to cause injury to the tenant. The risk, in this view, is on the owner rather than the tenant, whether the work is done by one technically his agent or an independent contractor. But, since it has not been determined upon sufficient evidence which is before us that Hamburger was not Zlotnick's agent, we prefer, in the absence of specific controlling authority in this jurisdiction, not to determine the latter's liability for the former's acts as independent contractor until the issue is presented squarely to us."

The issue is now before us on the facts determined by the Municipal. Court. It appears that the tenant had agreed to pay an increased rent if the landlord would install a hot water heating system. In the performance of that unilateral contract the landlord employed a competent independent

---

[1] Bailey v. Zlotnick, 1942, 77 U.S.App.D.C. 84, 85, 133 F.2d 35, 36.

contractor. After the pipes were installed the contractor filled them with water. The pipes leaked because of negligent installation. The contractor repaired the leaks before completing the job. Nevertheless, before they were repaired, the leaks had saturated the ceiling with water. As a result the plaster fell and injured the tenant.

The Municipal Court of Appeals held that a landlord is liable for the negligence of an independent contractor only in two cases: (1) where the landlord undertakes to make repairs or install some improvement and the work is negligently done and as a result a defect or danger inheres *in the finished work or product;* (2) where the landlord undertakes to make repairs and the work involved is inherently dangerous. Since the present case fell within neither of the above classes the Municipal Court of Appeals concluded that the landlord was not liable.

While the conclusion of the Municipal Court of Appeals is not without supporting authority, the cases as a whole are in confusion[2] and there is no controlling decision in the District of Columbia. In this situation it becomes necessary for us to examine the principles on which the landlord's liability should rest.

█ The Restatement of the Law of Torts, which is entitled to particular respect when authorities are in conflict, sets out the principle which we think should be applied to this case.[3] It makes the liability of an employer for harm caused by the negligence of an independent contractor depend on whether the employer had a duty to the person injured which the independent contractor failed to perform on his behalf. If such a breach of duty actually resulted from the work of the independent contractor the landlord may not escape liability since liability for non-performance of a duty may not be shifted to another. According to this principle it is immaterial whether the breach of the employer's duty occurred during the progress of the work or from a defective condition of the work after it was finished.[4]

██ We regard this principle as sound. We must, therefore, examine the extent of the landlord's duty to the tenant in the case before us. Here it was the tenant's duty to repair and there would have been no violation of the landlord's duty had the plaster fallen through mere neglect. The landlord was, nevertheless, under a duty not to create an unsafe condition on the premises either permanent or temporary by any affirmative action on his part.[5] It is admitted that when the contractor saturated the plaster with water he made the premises unsafe. The landlord is, therefore, liable because his contractor has created a condition of the premises which it was the landlord's duty not to create.

█ The landlord's duty does not extend to a negligent act of a person who is on the premises but who is not his direct agent, unless that act results in an unsafe condition. Therefore, had the contractor injured the tenant by dropping a pipe there would have been no liability.[6] This rule is expressed in the Restatement by the assertion that the landlord is not liable where the negligence of the independent contractor

---

2 See Nahm & Friedman v. Register Newspaper Co., 1905, 120 Ky. 485, 87 S. W. 296, 9 Ann.Cas. 209, and Hyde v. Wilmore, 1895, 14 Misc. 340, 35 N.Y.S. 681; Wiese v. Remme, 1897, 140 Mo. 289, 41 S.W. 797, and Olah v. Katz, 1926, 234 Mich. 112, 207 N.W. 892. See also, 29 A. L.R. 736, 766 et seq. (1924); 90 A.L.R. 50 (1934); (1939) 87 Univ.Pa.L.Rev. 728.

3 Restatement, Torts (1934), § 426:
"Negligence in the Operative Detail of Doing the Work.
"Except as stated in §§ 427 to 429, an employer of an independent contractor is not liable for bodily harm caused by any negligence of the contractor which does not affect the result which the employer is under a duty to have attained but consists solely in the improper manner in which the contractor does the detail of the work necessary to attain such result."

4 This is apparent from the following illustration used by the Restatement to explain Section 426: "1. A employs B, a competent contractor, to excavate a cellar on land immediately adjoining a public highway. The contract requires B to provide the fence necessary to prevent pedestrians from falling into the excavation. A is liable to C, a pedestrian, who falls into the excavation because the fence as erected by B is flimsy or because B has not erected the fence as his contract required. A is not liable to D, a pedestrian hurt by the carelessness of B's workmen in handling the timbers while they are erecting the fence or by the careless handling of tools while so doing." Ibid.

5 Cf. Bancroft v. Godwin, 1905, 41 Wash. 253, 83 P. 189.

6 Cf. Hyman v. Barrett, 1918, 224 N.Y. 436, 121 N.E. 271.

"consists solely in the improper manner in which the contractor does the detail of the work". In other words, a distinction is made between the negligent manner of the work and the condition of the premises which results from the negligence. It is only for the latter that the landlord is liable.

There is a practical as well as a logical reason for following the principle of the Restatement. The effect of the cases which strictly limit the landlord's liability enables him to avoid a large part of the risks involved in making repairs or improvements and to compel an injured tenant to seek out and sue a contractor with whom he has had no dealings and who may not be financially responsible. In an earlier day it might have been argued that it was a hardship on landlords not to afford them this means of escaping liability for unsafe conditions caused by negligence in making repairs or improvements. Today insurance which protects both the landlord and the tenant against liability for the condition of the premises is available. Liability for an unsafe condition of the premises no longer is a substantial hardship.

Reversed.