125 So.2d 115 (1960)
Alex K. EASTON, d/b/a George Easton Furniture Co., Appellant,
v.
Edward Earl WEIR, II, a minor, and Muriel A. Weir, as guardian of the property of Edward Earl Weir, II, a minor, Appellees.
No. 1960.
District Court of Appeal of Florida. Second District.
December 14, 1960.
Erle B. Askew, Askew, Earle & Hawes, St. Petersburg, for appellant.
Sam H. Mann, Jr., Mann, Harrison, Mann & Rowe, St. Petersburg, for appellees.
ALLEN, Chief Judge.
The appellant, as plaintiff in the lower court, filed a third amended complaint seeking damages from the appellee-defendants for damage to merchandise plaintiff had stored in a building owned by the defendant, Muriel A. Weir, as guardian for the defendant, Edward Earl Weir, II, a minor. The complaint alleged that the damage occurred as a result of rain which was permitted to come into the building while a *116 contractor hired by the defendants was repairing the roof of the building. The lower court granted defendants' motion to dismiss and entered a final order of dismissal in favor of the defendants from which this appeal has been taken.
Muriel A. Weir is the guardian for Edward Earl Weir and in that capacity holds title to the building and property in question. On June 17, 1958, plaintiff was a tenant at will using the building for the storage of furniture and furnishings which were being held by the plaintiff for resale in his furniture business.
On June 14, 1958, the defendant, Muriel A. Weir, as guardian undertook to have the roof on the building repaired. Weir employed Federal Roofing & Siding, Inc., to perform the repairs. The contractor began work on June 17, 1958, and in performing the work caused "dirt and debris from the roof" to fall upon plaintiff's furniture and furnishings. In addition, while the repairs were being made, rain came in the building through the roof damaging plaintiff's furniture and furnishings. The plaintiff alleged negligence on the part of defendants in failing to exercise reasonable care in maintaining a proper control over the contractor, and sought damages in the amount of $60,000 for the damage.
It is generally held that at common law, in the absence of a special agreement to repair the demised premises, the landlord is not under a duty to make repairs to them. Masser v. London Operating Co., 1932, 106 Fla. 474, 145 So. 72; Felshin v. Sir, 1942, 149 Fla. 218, 5 So.2d 600. It is equally well established that if the lessor undertakes to repair or improve the demised premises, whether he is contractually bound to do so or not, he is required to exercise reasonable care in making such improvements or repairs, and is liable for injuries caused by his negligence or that of his servants or employees in making the repairs or in leaving the premises in an unsafe condition. Kimmons v. Crawford, 1926, 92 Fla. 652, 109 So. 585. Propper v. Kesner, 1958, 104 So.2d 1.
On the issue of whether the landlord, by employing an independent contractor to make the repairs, can escape liability for injury to the tenant caused by the contractor's negligence, the authorities are not entirely in accord.
Reverting briefly to an early statement on this question, it is stated in 14 R.C.L. Independent Contractors, sec. 39:
"Duties of Landlord  If a landlord is obligated to or attempts to make repairs to leased premises, due care must be exercised to the end that injury to the tenants will not be caused; and, if the landlord employs an independent contractor to make the repairs and he does the work so negligently that injury is thereby caused to a tenant, the landlord is liable. Thus, if he undertakes to repair the roof and the contractor employed to do the work is negligent, the landlord may be liable for injury to the tenant's goods caused by the leaking of the roof." (Emphasis added.)
One of the cases cited in support of the above underlined statement and which is also cited by appellant is Wertheimer v. Saunders, 1897, 95 Wis. 573, 70 N.W. 824, 825, 37 L.R.A. 146. In the Wertheimer case the landlord occupied and used a small portion of the building which was leased to the plaintiffs as a tobacco storeroom. At the repeated requests of plaintiff-lessees, the defendant-lessors hired a contractor to replace the roof on the building. While a portion of the roof was off a rainstorm occurred damaging a portion of lessee's tobacco and suit was filed against the lessor for damages. The trial court found for defendants and lessees appealed.
The Supreme Court of Wisconsin reversed holding the lessor liable for the contractor's negligence but certain factors need to be observed which partially differentiates that case from the instant case. At the outset it is undisputed that the lessor actually occupied a portion of the building during the repairs thereby retaining control *117 of the premises. As a preface to its conclusion the Court noted that replacing a roof is a type of project "which will probably be injurious to third persons" and that reasonable care should be taken "to obviate those probable consequences." The Court referred to several cases which cast this special duty on the employer who has hired a contractor to perform a hazardous task, and quoted the following language from Bower v. Peate, 1 Q.B. 321, 326:
"`A man who orders work to be executed, from which, in the natural course of things, injurious consequences must be expected to arise unless means are adopted by which they may be prevented, is bound to see to the doing of that which is necessary to prevent the mischief, and cannot relieve himself of his responsibility, by employing someone else  whether it be the contractor employed to do the work from which the danger arises, or some independent person  to do what is necessary to prevent the act he has ordered to be done from becoming wrongful. There is an obvious difference between committing work to a contractor to be executed, from which, if properly done, no injurious consequences can arise, and handing over to him work to be done, from which mischievous consequences will arise, unless preventative measures are adopted. While it may be just to hold the party authorizing the work, in the former case, exempt from liability for injury resulting from negligence which he had no reason to anticipate, there is, on the other hand, good ground for holding him liable for an injury caused by an act certain to be attended with injurious consequences, if such consequences are not in fact prevented, no matter through whose default the omission to take the necessary measures for prevention may arise.'"
The Court then concluded that replacing a roof was a task which would naturally be hazardous or cause injury to third parties if proper precautions were not taken and, therefore, the lessor was liable for the negligence of the independent contractor.
This question was first annotated in 15 A.L.R. 971. The writer states that as of that time Connecticut and Pennsylvania applied the general doctrine of independent contractors and held that if the landlord selects a competent contractor, and the work contracted for is not inherently dangerous, the landlord is not liable for injury to the tenant's goods caused by the negligence of the contractor. Lawrence v. Shipman, 1873, 39 Conn. 586; Meany v. Abbott, 1867, 6 Phila., Pa., 256. The text then cites several cases for the holding that a landlord is liable for damage to a tenant's goods through negligent repairs by an independent contractor irrespective of the duty of the landlord to have the repairs made. Upon examination of these cases it is evident that they turn on many variable or diverse factors such as whether the work let out to the independent contractor is inherently dangerous, whether the landlord is under a duty to repair, whether the work to be done is upon a part of the premises occupied exclusively by the tenant or upon a part solely or partly under the control of the landlord, and whether the injury occurs during the work or results from some defect in the completed work.
Wertheimer v. Saunders, supra, illustrates the inherently dangerous principle being applied to replacing a roof. In Mumby v. Bowden, 1889, 25 Fla. 454, 6 So. 453, 454, the foreman of a company engaged in the business of repairing rain gutters was employed by a landlord to repair a roof gutter and an under-workman was sent to do the job which required only a few hours work. The Supreme Court noted that:
"* * * There was no occasion for the surrender of the premises, and there was none. The workmen went upon the roof to repair the gutter, but not under a contract which took from appellants [lessors] the control of the *118 roof. In fact, there is a circumstance or two in the evidence which seems to indicate that even the work was under their [lessors'] control. * * * The work was for appellants [lessors]. It was on their premises, which remained in their control; and it was under their direction. * * * So the facts as to both premises and work concur to show control by appellants such as fastens responsibility on them for the negligence from which came the damage. In legal contemplation the laborers doing the work were their servants for that particular job, and this is the test of responsibility." (Emphasis added.)
In St. Johns & H.R. Co. v. Shalley, 1894, 33 Fla. 397, 14 So. 891, the Court stated that where a contractor is employed to accomplish a certain work, and, through his or his servants' negligent or careless performance of it, damage results to a third person, such contractor, and not his employer, is responsible to the injured party, provided such contractor, in the performance of the work, or in the mode and manner of doing it, is not subject to the direction or control of the employer. Accordingly, negligence in the conduct of another will not be imputed to a party, if he neither authorized such conduct, nor participated therein, nor had the right nor power to control it. Gulf Refining Co. v. Wilkinson, 1927, 94 Fla. 664, 114 So. 503, citing Mumby v. Bowden, 25 Fla. 454, 6 So. 453.
This court in City of Mount Dora v. Voorhees, Fla.App. 1959, 115 So.2d 586, 589, held in regard to a similar question:
"It is generally recognized that one who engages an independent contractor to perform a job for him, without reserving control and direction of the work, will not become liable for the negligence of an employee of the independent contractor. Mumby v. Bowden, 25 Fla. 454, 6 So. 453. There are, however, two theories upon which the employer of an independent contractor may be held liable in that situation. First, by interfering or meddling with the job to the extent of assuming the detailed direction of it and thus becoming the master of the independent contractor's employee. Second, by committing some act of negligence for which the prime employer would be liable, irrespective of the employer-independent contractor relationship." (Emphasis added.)
In regard to the emphasized portion of the above quote, we turn now to the contention that the landlord owes a non-delegable duty to the tenant to not create an unsafe condition on the premises either temporary or permanent by any affirmative action, and certain authorities will be reviewed in light of the language of § 426 of Restatement of the Law of Torts, which states:
"Except as stated in §§ 427 to 429, an employer of an independent contractor is not liable for bodily harm caused by any negligence of the contractor which does not affect the result which the employer is under a duty to have attained but consists solely in the improper manner in which the contractor does the detail of the work necessary to attain such result.
"* * * * * *
"Illustration:
"1. A employs B, a competent contractor, to excavate a cellar on land immediately adjoining a public highway. The contract requires B to provide the fence necessary to prevent pedestrians from falling into the excavation. A is liable to C, a pedestrian, who falls into the excavation because the fence as erected by B is flimsy or because B has not erected the fence as his contract required. A is not liable to D, a pedestrian hurt by the carelessness of B's workmen in handling the timbers while they are erecting the fence or by the careless handling of tools while so doing."
*119 Section 427 covers negligence in doing inherently dangerous work; § 428 refers to work which cannot be done except under a franchise granted to the employer; and § 429 can in no wise be applicable to the instant case.
In Bailey v. Zlotnick, 1945, 80 U.S.App. D.C. 117, 149 F.2d 505, 506, 162 A.L.R. 1108, the tenant had agreed to pay an increased rent if the landlord would install a hot water heating system. The landlord accepted and hired a competent independent contractor who installed the pipes and filled them with water. Due to negligent installation, the pipes leaked but were subsequently repaired by the contractor. Before the repairs were completed, the leaks had saturated the ceiling with water and as a result the plaster from the ceiling fell and injured the tenant. The tenant sued the landlord for damages and the trial court held that since the injury occurred neither during the performance of inherently dangerous work nor as a result of defective work in the finished work or product, that the landlord is not liable.
The Court of Appeal noted that the authorities are in confusion and that certain cases support the view of the trial court. The court then stated in holding the landlord liable:
"The Restatement of the Law of Torts, which is entitled to particular respect when authorities are in conflict, sets out the principle which we think should be applied to this case. It makes the liability of an employer for harm caused by the negligence of an independent contractor depend on whether the employer had a duty to the person injured which the independent contractor failed to perform on his behalf. If such a breach of duty actually resulted from the work of the independent contractor the landlord may not escape liability since liability for non-performance of a duty may not be shifted to another. According to this principle it is immaterial whether the breach of the employer's duty occurred during the progress of the work or from a defective condition of the work after it was finished.
"* * * * * *
"The landlord's duty does not extend to a negligent act of a person who is on the premises but who is not his direct agent, unless that act results in an unsafe condition. Therefore, had the contractor injured the tenant by dropping a pipe there would have been no liability. This rule is expressed in the Restatement by the assertion that the landlord is not liable where the negligence of the independent contractor `consists solely in the improper manner in which the contractor does the detail of the work'. In other words, a distinction is made between the negligent manner of the work and the condition of the premises which results from the negligence. It is only for the latter that the landlord is liable."
In Weldon v. Lehmann, 1956, 226 Miss. 600, 84 So.2d 796, 797, the landlord contracted with an independent contractor to install a suspended ceiling in a building which was to be used by a tenant as a variety store. The ceiling was installed on July 8, 1952, and the tenant began operation of the store. The ceiling gave way and fell on May 28, 1953, damaging tenant's goods and fixtures. The tenant sued the landlord and the trial court entered judgment for the defendant notwithstanding the verdict for the tenant, and the tenant appealed.
In reversing, the Mississippi Supreme Court quoted extensively from Bailey v. Zlotnick, supra, but first prefaced its opinion with the following language:
"* * * The specific question has not been heretofore passed upon in this state so far as we can find. Many jurisdictions have held the landlord liable in such case, and many others, while admitting that the landlord would be liable if the repairs were made by his *120 own servant, have undertaken to draw a distinction between work by a servant and work by an independent contractor, and have held that the landlord is not liable. According to 52 C.J.S., Landlord and Tenant, § 417, the authorities as a whole are in confusion on the question. Also, according to the notes in 15 A.L.R. 975-976; 29 A.L.R. 766-776; 90 A.L.R. 50 and 162 A.L.R. 1111 the authorities are in conflict. Respectable authority supports both sides of the question and we are free to adopt the principle which appeals to us as being more in line with justice and reason and the public policy of this state.
"We are impressed with the idea that there is little difference between the duty of the landlord to his tenant under the circumstances here disclosed and the duty of a master to his servant with reference to the servant's place of work, and we do not think the landlord can escape his duty by delegating to an independent contractor the making of the agreed alterations and repairs. * * *"
This court was confronted with a related question in Mills v. Krauss, Fla.App. 1959, 114 So.2d 817, 819. The owner of a hotel contracted with a general contractor, the appellants, to remodel, renovate and perform major repairs on a hotel. The contract provided that the appellants would protect the owner's property from damage or injury in the performance of the work. The appellants subcontracted the roofing portion of the repairs to appellees. While appellees were repairing the roof, they negligently permitted rain to come through the roof, thereby causing substantial damage to the interior of the hotel.
The appellees refused to reimburse the owner for this damage and the appellants settled and paid the owners for the water damage. The appellees filed suit for the sums still due them under their contract with the appellant-general contractor. The appellants counterclaimed for indemnification of the sums that had been paid to the owner for the damages caused by appellee's negligence. The trial court entered summary judgment for the appellee-subcontractor holding that the general contractor was not entitled to indemnification, and that the sums they had paid to the owner were voluntary and not as a result of any legal obligation. The general contractor appealed and this court held that the duty owed by the general contractor to the owner under its contract could not be contracted away to a third party. More specifically this court stated:
"In some circumstances duties may devolve upon an employer which he cannot delegate to another, and in such cases the employer is liable for breach or non-performance of such duties even though he employs an independent contractor to do the work. Dealing with nonperformance of absolute duties of an employer and with reference to contractual obligations, the following is said in 27 Am.Jur., Independent Contractors, section 48, at page 526:
"`Likewise, one who, by a specific agreement, undertakes to do some particular thing, or to do it in a certain manner, cannot by employing an independent contractor, avoid responsibility for an injury resulting from the nonperformance of any duty or duties which, under the express terms of the agreement or by implication of law, are assumed by the undertaker.'
"See the annotation on this point in 29 A.L.R. 736. See also 57 C.J.S. Master and Servant § 591, p. 365, and note 40, p. 367."
As illustrative of the type situation that would give rise to this non-delegable duty, the above quote refers to, among others, a statement found in 32 Am.Jur., Landlord and Tenant, sec. 741, as follows:
"§ 741.  To Make Repairs or Improvements on Demised Premises.  It is a well-established principle that *121 one cannot relieve himself of the consequence of neglect in the performance of his agreement by employing an independent contractor to do the work, and the courts generally agree that a landlord who undertakes to make repairs to or improvements for the benefit of his tenant, whether he is obligated by law or by agreement with the tenant to do so, or whether he does so gratuitously, cannot relieve himself from his liability for negligence in making such repairs or improvements by employing an independent contractor to do the work; if he does employ an independent contractor who does the work so negligently as to cause injury thereby, the landlord is liable to the same extent as if he had done the work himself. * * *"
A modern text writer, Prosser, Law of Torts, Second Ed., states at page 476:
"When the lessor entrusts the repairs to an independent contractor, the general weight of authority is that his duty of care in making them cannot be delegated, and he will be liable for the contractor's negligence. * * * [t]here is a division of opinion where no control is retained and the repairs to the leased premises are gratuitous. Even here the better view seems to be that the tenant's right to rely on the landlord is such that the responsibility cannot be shifted; and the more recent cases have tended to take this position."
The writer cites Bailey v. Zlotnick, 1945, 80 App.D.C. 117, 149 F.2d 505, 162 A.L.R. 1108, and other cases, in support of the above quoted paragraph.
Another text, Bennett, Law of Landlord and Tenant, sec. 349, at page 496, states:
"* * * Supporting this rule, it is also held that where one is employed by a landlord to perform a duty incumbent upon the landlord, and where the employee, although an independent contractor, neglects the fulfillment of the duty to be performed, or commits some casual act or wrong whereby another is injured, that the landlord cannot escape liability because the work was done by an independent contractor and the injury arose because of the contractor's fault. The basis of the landlord's liability remains notwithstanding the duty was delegated, or an attempt made to delegate it. There remains with the landlord a specific duty in such case, arising out of the status of landlord and tenant, by which in the instances noted, the landlord is required to use reasonable care to protect the tenant, or those who enter in his right. This duty is individual to the owner of the premises, and may not be delegated to an independent contractor. * * *"
See Medley v. Trenton Inv. Co., 205 Wis. 30, 236 N.W. 713, 76 A.L.R. 1250.
After a review of the record in the instant case, it is undisputed that the landlord gratuitously or voluntarily assumed the duty of replacing the roof on its building which was occupied and under the control of the tenant. The landlord was under no duty to make these repairs, but, having undertaken to do so, it was under a duty to see that no injury would be sustained by the tenant in the making of the repairs.
Under the decisions and authorities this court has considered, only a portion of which are set forth herein, we conclude that the landlord could not absolve itself from liability by employing an independent contractor to perform the repairs. This cause must therefore be reversed for a trial on the issues presented in the complaint and such other issues as may be framed during further proceedings not inconsistent herewith.
Reversed.
KANNER and SHANNON, JJ., concur.