156 So.2d 869 (1963)
Frank ROSS, Appellant,
v.
Eli HEITNER, as Executor of the Estate of Jennie Heitner, deceased, and Truly Nolen, Inc., jointly and/or severally, Appellees.
No. 63-64.
District Court of Appeal of Florida. Third District.
October 22, 1963.
Frates, Fay & Floyd and Kermit G. Kindred, Miami, for appellant.
Dixon, DeJarnette, Bradford, Williams, McKay & Kimbrell, Wicker, Smith, Blomqvist, Hinckley & Davant, Miami, for appellees.
Before BARKDULL, C.J., and CARROLL and TILLMAN PEARSON, JJ.
PER CURIAM.
This was an action at law by a lessee of an apartment against an apartment house owner and an exterminating company for injuries alleged to have resulted from extermination work. An amended complaint presented one count on breach of warranty and a second count on negligence. The trial court granted the owner's motion and dismissed the amended complaint as to the owner. The plaintiff has appealed. We hold that the trial court ruled correctly on the warranty count, but was in error in holding the negligence count was insufficient. The amended complaint charged that chemicals used caused an inherently dangerous condition through creation of noxious fumes and that defendants failed to warn or apprise plaintiff thereof, proximately causing plaintiff's injuries. Counsel *870 were in agreement that the general rule that an independent contractor's negligent performance may not be charged against his "employer" is subject to exceptions, including the exception that a landlord's duty is non-delegable as to inherently dangerous work of an employed independent contractor (Easton v. Weir, Fla.App. 1960, 125 So.2d 115), but it was contended by appellee that sufficient facts were not alleged to meet such exception. We can not agree. It was expressly alleged that an inherently dangerous condition was created by producing noxious fumes. See Medley v. Trenton Inv. Co., 205 Wis. 30, 236 N.W. 713, 76 A.L.R. 1250. The judgment of dismissal is reversed, and the cause is remanded for further proceedings on count two of the amended complaint.
Affirmed in part and reversed in part.