## NORTH MIAMI BEACH WATER BOARD v. NORTH DADE SEPTIC TANK CO., et al.

No. 116306.

Small Claims Court, Dade County.

March 5, 1964.

Arthur Winton, Miami Beach, for plaintiff.

Welsh, Cornell, Pyszka & Carlton, John F. McMath, of counsel, all of Miami, for defendant North Dade Septic Tank Co.

Stephen Lubow, Miami, for defendant Bromer Construction Co.

SIDNEY L. SEGALL, Judge.

Judgment is rendered in favor of the plaintiff in the sum of $500 plus costs of $15 against defendant Charles Bromer d/b/a Charles Bromer Construction Co. and defendant North Dade Septic Tank Co.

The evidence which is legally sufficient to establish liability on the part of both defendants discloses the following material facts —

Plaintiff's concrete main at Miami Gardens Drive, west of state road 9, was damaged during the progress of construction of a building by the prime contractor, defendant Bromer. A city building code provision required the temporary installation of a septic tank for the toilet facilities to be used by workmen on the job site.

At the request of defendant (Bromer) prime contractor's subcontractor (Gunn Plumbing Co.), in charge of the plumbing installation on the job, defendant North Dade Septic Tank Co. sent its back-hoe operator to do the necessary digging operation. He reported to the superintendent (foreman) on the job site.

The testimony is conflicting on the issue of negligence in the digging operation which caused a puncture in the concrete water main of plaintiff for which plaintiff claims damages.

Defendant's (prime contractor's) superintendent (foreman) testified he gave instructions to the back-hoe operator; that he laid a stake in the ground and told the back-hoe operator where to dig but the operator dug beyond the designated point. Defendant's (North Dade Septic Tank Co.) back-hoe operator testified that he followed the instructions orally given by the prime contractor's foreman; that he called the foreman's attention to the fact that the machine had struck an object; that thereupon he asked the foreman whether the object was a water main; that the foreman replied by instructing him to continue digging in the same place, and thereafter the machine punctured a hole in the water pipeline beneath the area involved.

The evidence compels a finding that the defendant prime contractor's foreman controlled the defendant subcontractor's method of performance in the digging operation which resulted in the damage to plaintiff's water main.

The issue herein is governed by the principle of law expressed in Peairs v. Florida Publishing Company (Fla. App. 1961), 132 So.2d 561, 564. The court recognized the general rule that a person is not liable for the torts committed by his independent contractor. However, in referring to the historical background in the application of the general rule, the able chief judge emphasized the significance of examining the facts of the case "in the light of the standards recognized as to the several exceptions to the rule of nonliability." The opinion contains an exhaustive review and analysis of the decisions applying the exception to the rule where the employer has the right to direct or control the performance of the work which the independent contractor was employed to do. The court stated at page 564 —

"A major apparent exception to the general rule that a person is not liable for the torts of his independent contractor occurs when the employer has the right to direct or control the performance of the work or the manner of its accomplishment, for then the master and servant relationship arises as a basis for imposing liability upon the employer. See Mumby v. Bowden, 1889, 25 Fla. 454, 6 So. 453; St. Johns & H. R. Co. v. Shalley, 1894, 33 Fla. 397, 14 So. 890, and Gulf Refining Co. v. Wilkinson, 1927, 94 Fla. 664, 114 So. 503. This exception, basically considered, is more apparent than real, for, when such control exists, the worker may bear the relation of servant or employee to the employer rather than that of independent contractor. This distinction was clearly delineated by Judge Kanner, speaking for the District Court of Appeal, Second District of Florida, in King v. Young, 1958, 107 So.2d 751, 753, when he wrote the following, which we quote with approval:

" 'The status of an independent contractor, as distinguished from that of an agent, consists of a contractual relationship by one with another to perform something for him, but the one so engaged is not controlled or subject to the control of the other in the performance of the engagement but only as to the result. Conversely, a principal in an agency relationship retains the right to control the conduct of an agent in regard to the engagement intrusted to him. It may be said that the recognized distinction between an agent and an independent contractor relationship is determined by whether the person is subject to or whether he is free from control with regard to the details of the engagement. See Florida Industrial Commission v. State, 1945, 155 Fla. 772, 21 So.2d 599; and 2 Am. Jur. Agency, Section 8, p. 17.' "

On the basis of the foregoing the plaintiff is entitled to recover against both the prime contractor and subcontractor, as above named.