WALDEN, Judge.
This is a suit for personal injuries based upon an event that occurred upon the business premises of the White Palms florist shop. Involved are the landlord, Mr. Kap-lan; the tenant, White Palms of Palm Beach, Inc.; and the injured business invitee, Mr. Fox.
Mr. Fox entered the White Palms florist shop to collect payment for window washing services he had performed. The ceiling height in the front of the shop was apparently sufficiently high as to cause no problem. However the ceiling in the rear of the shop, the work area, had been lowered to a height somewhere between 5'10" and 5'11". Mr. Fox, who is 6'5", was invited into the work area whereupon he struck his head on the low ceiling and suffered damages.
Mr. and Mrs. Fox sued Mr. Kaplan, the owner of the building, and White Palms, the lessee, and alleged negligent maintenance by allowing the existence of drop ceiling in the work area and failure to warn. Mr. Kaplan filed a cross-claim against White Palms for contractual indemnity based upon the provisions of the lease agreement. Thereafter the trial court entered final summary judgment in favor of Mr. Kaplan and against Mr. and Mrs. Fox as concerning their claim for damages. The trial court also granted summary final judgment in favor of Mr. Kaplan and against White Palms upon Mr. Kaplan’s *270 cross-claim. White Palms and Mr. and Mrs. Fox appeal from the summary judgments. We reverse both judgments and remand.
As concerns the Foxes’ claims against the landlord, Mr. Kaplan, we reverse because there were genuine issues of material fact which stood in the way of Mr. Kaplan’s entitlement to summary judgment, as a matter of law. It is clear that the low ceiling height existed at the time Mr. Kaplan gave over possession of the premises to the tenant and for many years prior thereto. There were at least issues as to whether the condition was inherently dangerous Ross v. Heitner, 156 So.2d 869 (Fla. 3d DCA 1963); Thompson v. Paseo Manor South, Inc., 331 S.W.2d 1 (Mo.Ct.App.1959). Additionally there were questions as to whether Mr. Kaplan had a duty to repair or correct the dangerous condition, and whether the low ceiling was a pre-existing defect in construction. Simms v. Kennedy, 74 Fla. 411, 76 So. 739 (1917); Miller v. Sinclair Refining Company, 268 F.2d 114 (5th Cir.1959); Standard Oil Company v. Foster, 280 F.2d 912 (5th Cir.1960).
As concerns Mr. Kaplan’s cross-claim against White Palms for indemnification we reverse the summary judgment in favor of Mr. Kaplan, because the indemnification proviso in the lease agreement was not sufficiently specific to require that Kaplan be indemnified against his own negligence, Charles Poe Masonry, Inc. v. Spring Lock Scaffolding Rental Equipment Company, 374 So.2d 487 (Fla.1979) and University Plaza Shopping Center, Inc. v. Stewart, 272 So.2d 507 (Fla.1973).
REVERSED.
GUNTHER and WARNER, JJ„ concur.